UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES FRANK CRAWFORD, JR.,

    Plaintiff,

v.

S. WAYDA-SLOMSKI and
STACY REAM,

    Defendants.
                               /

Case No. 2:19-cv-13563

HONORABLE STEPHEN J. MURPHY, III

## OPINION AND ORDER DISMISSING THE CASE

Plaintiff James Frank Crawford, Jr., a state inmate incarcerated at the Gus Harrison Correctional Facility in Adrian, Michigan, filed a pro se complaint under 42 U.S.C. § 1983. ECF 1. Plaintiff alleged that Defendant S. Wayda-Slomski violated his First, Sixth, and Fourteenth Amendment rights when she refused to make copies of legal documents for him to file in the United States District Court for the Western District of Michigan. *Id*. at 5. Plaintiff also alleged that Defendant Stacy Ream violated his First Amendment rights when she refused to process his grievance. *Id*. On December 12, 2019, the Court granted Plaintiff's motion to proceed in forma pauperis ("IFP"). ECF 4. Having reviewed the complaint, the Court will dismiss the case for failure to state a claim on which relief can be granted.

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a complaint to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as

1

well as "a demand for the relief sought." Fed. R. Civ. P. 8(a). The purpose of the rule is to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Although the notice pleading standard does not require "detailed" factual allegations, *id.*, it does require more than the bare assertion of legal conclusions or "an unadorned, the-defendant-unlawfully-harmed-me accusation," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (*quoting Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Id.* (*quoting Twombly*, 550 U.S. at 557).

Here, the Court granted Plaintiff leave to proceed IFP. ECF 4. Under the Prison Litigation Reform Act ("PLRA"), the Court must sua sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). Similarly, the Court is required to dismiss a complaint seeking redress against government entities, officers, and employees that it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b). A complaint "is frivolous if it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a federal civil rights claim, a plaintiff must allege that: (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155 (1978). Pro se civil rights complaints are construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

## DISCUSSION

Plaintiff states that on August 20, 2019, he went to the prison law library to make copies of exhibits to reopen two previously dismissed lawsuits filed in the United States District Court for the Western District of Michigan. ECF 1, PgID 7. He alleged that Defendant Wayda-Slomski, a librarian assistant, refused to make the copies that he needed "to file a new suit" because he failed to show her a copy of his complaint. *Id.* Plaintiff also alleged that Defendant Ream, a grievance coordinator, refused to process his grievance regarding Defendant Wyda-Slomski's failure to make the copies. *Id.* Plaintiff seeks a total of $15,000 against each Defendant, and an injunction preventing Defendant Wayda-Slomski from requiring a copy of a complaint before making copies, and one against Ream compelling Defendant Ream to address Plaintiff's grievances. *Id.* at 8.

I. <u>Defendant Wayda-Slomski</u>

"To state a claim under [42 U.S.C.] § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). With respect to Defendant Wayda-

3

Slomski, it is well established that prisoners have a constitutionally protected right of access to the courts under the First and Fourteenth Amendments. *See e.g., Lewis v. Casey*, 518 U.S. 343, 354 (1996). To state a viable claim for interference with access to the courts, a plaintiff must show an actual detriment to a pending or contemplated litigation. *See Lewis*, 518 U.S. at 349; *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001).

"[T]he underlying cause of action . . . is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). "Like any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." *Id.* at 416.

Here, Plaintiff has not alleged actual detriment to a pending or contemplated case. He references a desire to reopen two Western District of Michigan cases, but offers no allegations to support his claim that his ability to avail himself to any legal remedy has been lost. Plaintiff's first case, *Crawford v. RSPM*, No. 1:12-cv-407, ECF 25 (W.D. Mich. Aug. 6, 2012) (Jonker, C.J.), was dismissed on August 6, 2012, for failure to state a claim and, his second case, *Crawford v. Prison Health Services*, No. 1:12-cv-409, ECF 132 (W.D. Mich. Dec. 11, 2014) (Neff, J.), was dismissed on December 11, 2014, for failure to exhaust administrative remedies. Plaintiff failed to assert how he lost his ability to reopen either of his closed cases because of his uncopied exhibits, or why the uncopied exhibits are necessary to reopen the cases.

4

Nor has he alleged how either of his two cases have substantive merit considering the uncopied exhibits. Plaintiff also claims that he wishes to file another lawsuit, ECF 1, PgID 7, but his allegation is completely conclusory. He alleges no facts regarding the allegedly contemplated action.

Plaintiff fails to allege a barrier impeding his access to the courts sufficient to state a constitutional claim. He claims only that Defendant Wayda-Slomski requested to see a copy of his underlying complaints before making copies of his proposed exhibits. *Id.* at 5. He does not explain how Defendant Wayda-Slomski's seemingly easy to comply with requirement was so onerous to his particular situation to create a constitutional denial of his right to access the courts. Accordingly, Plaintiff fails to state a claim for denial of access to the courts.

## II.   Defendant Ream

With respect to Plaintiff's allegations against Defendant Ream, there exists no constitutionally protected due process right to "unfettered access to a prison grievance procedure." *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005). Nor does Michigan law create a liberty interest in the grievance procedure. *See Keenan v. Marker*, 23 F. App'x 405, 407 (6th Cir. 2001). Because Plaintiff has no liberty interest in the grievance process, his claims against Defendant Ream will be dismissed.

Having conducted the review required by the PLRA, the Court will dismiss the complaint for failure to state a claim. 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

5

For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Leave to appeal in forma pauperis is therefore denied. 28 U.S.C. § 1915(a)(3).

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff James Frank Crawford, Jr.'s civil rights complaint [1] is **DISMISSED**.

**IT IS FURTHER ORDERED** that leave to appeal in forma pauperis is **DENIED**.

This is a final order that closes the case.

**SO ORDERED.**

s/ Stephen J. Murphy, III<br>STEPHEN J. MURPHY, III<br>United States District Judge

Dated: December 18, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 18, 2019, by electronic and/or ordinary mail.

s/ David Parker<br>Case Manager